# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

LOUIS HOLGER,

                Plaintiff,

     v.

GARY GEORGE COLBATH, MARLIN L. RITZMAN, CARLA R. ERICKSON, TIMOTHY M. BURGESS, and JONAS M. WALKER,

                Defendants.

Case No. 2:19-cv-00004-RRB

## ORDER OF DISMISSAL

Before the Court at Docket 5 is the Defendant's Motion to Dismiss.

## BACKGROUND

On September 26, 2019, Defendant Jonas M. Walker removed the case *Holger v. Colbath*, Case No. 2KB-19-00140CI, which originated in Alaska Superior Court.[1] The basis for removal is that one or more of the defendants is a federal officer and this action appears to be related to or in retaliation of their conduct stemming from their official duties.[2]

Plaintiff Holger filed a "Common Law Criminal Complaint for Failure to Register as Convicted Sex Offenders as Required by the Sex Offender Registration and Notification Act."[3] In brief summary, Mr. Holger alleges that the

---

[1] Docket 1.

[2] Docket 1 at 2; *see also* 28 U.S.C. § 1442(a)(1).

[3] Docket 1-1.

defendants are part of a vast, sexually violent, conspiracy that exploits Alaskan women and children. As an "Article III United States Supreme Court Justice for the Galactic Federation of Light," he demands the defendants: (1) register as sex offenders, (2) pay damages to "child and women survivors of sexual violence in Alaska," and (3) that the military take the defendants into custody.[4]

On October 9, 2019, the Defendants filed a Motion to Dismiss.[5] The Defendants allege that Mr. Holger's lawsuit is frivolous and fails to state a claim. Mr. Holger has filed several responses to the motion in addition to other notices.[6] Broadly, Mr. Holger alleges these are new claims not previously litigated and are based on facts and supported by a proper legal theory.[7] He largely reiterates and expands upon the allegations made in his original complaint.

The Court takes judicial notice of Mr. Holger's numerous prior civil suits in filed in the U.S. District Court for the District of Alaska.[8] Furthermore, the Court

---

[4] Docket 1-1 at 9.

[5] Docket 5.

[6] Dockets 16, 23; *see also* Dockets 9-11, 14-15, 20-22, 24-26.

[7] *See generally*, Dockets 16 & 23.

[8] See *Holger v. Lew*, Case No. 3:15-cv-00046-TMB; *Native Village of Kotzebue, et al. v. Walker, et al.*, Case No. 3:17-cv-00265-SLG; *We the People of the United States, et al. v. United States of America*, Case No. 3:18-cv-00010-SLG; *The People of the United States, et al. v. United States of America, et al.*, Case No. 3:18-cv-00014-SLG; *Holger, et al. v. State of Alaska, et al.*, Case No. 3:18-cv-00040-SLG; *Native Village of Kotzebue, et al. v. City of Kotzebue, Inc, et al.*, Case No. 3:18-cv-00045-SLG; *Native Village of Kotzebue, et al. v. City of Kotzebue, Inc, et al.*, Case No. 3:18-cv-00059-SLG; *John-Wesley, et al. v. Gleason, et al.*, Case No. 3:18-cv-00079-TMB; *Holger v. Nightswonger*,

2:19-cv-00004-RRB, *Holger v. Colbath, et al.*
Order of Dismissal
Page 2 of 8
Case 2:19-cv-00004-RRB   Document 28   Filed 11/22/19   Page 2 of 8

takes judicial notice that Mr. Holger has received three strikes in accordance with the Prisoner Litigation Reform Act, 28 U.S.C. § 1915.[9]

## LEGAL STANDARD

A motion to dismiss for failure to state a claim made under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."[10] "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11]

In order for a "complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

---

Case No. 3:18-cv-00161-SLG; *Holger v. United States of America, Inc.*, Case No. 3:18-cv-000241-RRB; *Holger, et al. v. Burgess, et al.*, Case No. 3:18-cv-00277-RRB; *Holger v. Phillips, et al.*, Case No. 3:18-cv-00284-SLG; *Holger v. Burgess*, et al., Case No. 3:18-cv-00287-RRB; *Holger v. City of Kotzebue, Inc. et al.*, 3:19-cv-00004-RRB; *Williams v. City of Kotzebue, Inc., et al.*, Case No. 3:19-cv-00147-RRB.

Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[9] Docket 6 at 6-7, *Holger v. Burgess, et al.*, Case No. 3:18-cv-00287-RRB. ("The Clerk of Court is directed to no longer accept Mr. Holger's filings without pre-screening and approval from the Court or prepayment of the filing fee.").

[10] Fed. R. Civ. P. 8(a)(1).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009); (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

2:19-cv-00004-RRB, *Holger v. Colbath, et al.*
Order of Dismissal
Page 3 of 8
Case 2:19-cv-00004-RRB   Document 28   Filed 11/22/19   Page 3 of 8

suggestive of a claim entitling the plaintiff to relief."[12] In determining whether a complaint pleads sufficient facts to cross "the line between possibility and plausibility," courts may disregard "[t]hreadbare" legal conclusions.[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

## DISCUSSION

The Defendants have moved for dismissal of Mr. Holger's complaint on the grounds that Mr. Holger's complaint is frivolous and fails to state a claim. Upon review of the Complaint, and in the interest of justice all of Mr. Holger's filings, the Court finds that Mr. Holger has failed to state a claim and this action is frivolous.

I. <u>Failure to State a Claim</u>

Rule 8 of the Federal Rules of Civil Procedure expressly requires that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Throughout all of Mr. Holger's claims, it is difficult to identify specific instances of harm or his standing to sue. Broadly, Mr. Holger alleges that the named defendants are "'government' kidnappers, child human traffickers and

---

[12] *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

[13] *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

[14] *Iqbal*, 556 U.S. at 678.

2:19-cv-00004-RRB, *Holger v. Colbath, et al.*
Order of Dismissal
Page 4 of 8
Case 2:19-cv-00004-RRB   Document 28   Filed 11/22/19   Page 4 of 8

child human sex traffickers, and pedophiles."[15] He alleges a vast, spiraling conspiracy against Alaskan women and children, as well as women and children throughout the world. As a plaintiff, Mr. Holger can only properly plead injury or harm that has occurred to him. He cannot raise the harm that has occurred to others, without some type of third-party pleading exception.

Moreover, none of Mr. Holger's claims have a private right to action or provide a mechanism for civil lawsuits.[16] Mr. Holger labels his complaint as "Common Law Criminal Complaint for Failure to Register as Convicted Sex Offenders as Required by the Sex Offender Registration and Notification Act."[17] Federal criminal law is created and passed by Congress for enforcement by the federal government.[18] Private citizens may not sue others using federal criminal laws.[19] Only federal law enforcement agencies may bring criminal charges against

---

[15] Docket 1-1 at 4; the Court takes judicial notice that the defendants are judges, attorneys, and law enforcement officials that have been or may be involved with Mr. Holger's criminal case *USA v. Eklund*, Case No. 3:18-cr-00035-SLG-MMS, and/or prior civil lawsuits. *Supra* n.8.

[16] *See* Docket 1-1.

[17] Docket 1-1 at 3.

[18] *See* Title 18, United States Code.

[19] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

2:19-cv-00004-RRB, *Holger v. Colbath, et al.*
Order of Dismissal
Page 5 of 8
Case 2:19-cv-00004-RRB   Document 28   Filed 11/22/19   Page 5 of 8

individuals. Mr. Holger is a private citizen who is currently incarcerated, not a member of federal law enforcement.[20]

Mr. Holger has not plead an actual injury, nor presented a viable legal claim. As such, Mr. Holger's complaint is deficient to the degree that amendment is futile. Therefore, these claims must be dismissed with prejudice.

II.   Frivolous Lawsuits

In accordance with federal law, a court must dismiss a case "at any time if the court determines that the action or appeal is frivolous or malicious."[21] The term frivolous, or frivolous as a matter of law, is a legal term. It means that a case or complaint "lacks an arguable basis in either in law or in fact."[22] When a court evaluates for whether a complaint is frivolous, it must "pierce the veil of the complaint's factual allegations to determine whether they are fanciful, fantastic, or delusional."[23] Additionally, a complaint may be frivolous if it merely repeats pending or previously litigated claims."[24]

---

[20] The Court takes judicial notice that Mr. Holger is currently incarcerated due to the pending criminal action, *USA v. Eklund*, Case No. 3:18-cr-00035-SLG-MMS. *Supra* nn.8, 15.

[21] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

[22] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[23] *Neitzke*, 490 U.S. at 327-28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[24] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

2:19-cv-00004-RRB, *Holger v. Colbath, et al.*
Order of Dismissal
Page 6 of 8
Case 2:19-cv-00004-RRB   Document 28   Filed 11/22/19   Page 6 of 8

Mr. Holger's vast conspiratorial claims focus on judges, attorneys, and law enforcement related to his ongoing criminal matter. He alleges the defendants to be part of a grand cabal of sexually violent conspirators harming Alaskan women and children.[25] Additionally, Mr. Holger alleges to be a "bona fide Article III United States Supreme Court justice" of the Galactic Federation of Light.[26] Mr. Holger has already named these defendants and raised these allegations in several separate lawsuits.[27] In fact, Mr. Holger resubmits pages of prior lawsuits in this current action.[28] As such, these claims have already been litigated and dismissed. Accordingly, these claims are deemed frivolous both in substance and procedure.

## **CONCLUSION**

Based upon the Court's screening, Mr. Holger's complaint is **DISMISSED WITH PREJUDICE**, because Mr. Holger has failed to state a claim upon which relief may be granted and this action is frivolous for the reasons stated above.[29]

**IT IS THEREFORE ORDERED:**

---

[25] Docket 1-1.

[26] *See* Docket 1-1.

[27] *See Holger v. United States of America, Inc.*, 3:18-cv-241-RRB; *Holger v. Burgess, et al.*, 3:18-cv-277-RRB; *Holger v. Burgess et al.*, 3:18-cv-287-RRB; *Holger v. City of Kotzebue*, 3:19-cv-00004-RRB.

[28] Docket 1-1 at 5, 16-24.

[29] *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

2:19-cv-00004-RRB, *Holger v. Colbath, et al.*
Order of Dismissal
Page 7 of 8
Case 2:19-cv-00004-RRB   Document 28   Filed 11/22/19   Page 7 of 8

1. The action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted and for frivolousness;

2. This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).[30] Mr. Holger remains under the pre-screening requirements of 28 U.S.C. § 1915, as he has already accrued three strikes.

3. All other pending motions, notices, and declarations, are DENIED as moot.

4. The Clerk of Court is directed to enter a Judgment in this case accordingly.

DATED at Anchorage, Alaska this 22nd day of November, 2019.

*/s/ Ralph R. Beistline*
Senior United States District Judge

---

[30] 28 U.S.C. § 1915(g) provides that a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, will be prohibited from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in 'imminent danger of serious physical injury."

2:19-cv-00004-RRB, *Holger v. Colbath, et al.*
Order of Dismissal
Page 8 of 8
Case 2:19-cv-00004-RRB   Document 28   Filed 11/22/19   Page 8 of 8